UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | CASE NO.: 2:19-00200 |
| RYAN JOHN WALSH, | ) | CHAPTER 7 |
| | ) | JUDGE WALKER |
| Debtor | ) | |
| SUNTRUST BANK, | ) | |
| Movant | ) | |
| v. | ) | |
| RYAN JOHN WALSH, | ) | |
| Debtor | ) | |
| and | ) | |
| MICHAEL GIGANDET, | ) | |
| Chapter 7 Trustee | ) | |
| Respondents | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY FILED BY SUNTRUST BANK**

Comes now, SunTrust Bank, by and through its attorney, pursuant to Sections 362 and 554 of the Bankruptcy Code and Rule 6007(b) of the Federal Rules of Bankruptcy Procedure, and in support of its Motion for Relief from the Automatic Stay and Abandonment of Property, would state and show unto the Court that:

1. SunTrust Bank is a creditor of Debtor, Ryan John Walsh, by virtue of that certain Retail Installment Contract Simple Finance Charge ("Contract") dated September 20, 2017, for the purchase of a 2014 Ford F150, VIN: 1FTFW1CT2EKD15964 ("Vehicle"). Pursuant to the terms of the Contract, SunTrust Bank has a validly perfected, first priority security interest in the Vehicle as reflected on the Certificate of Title issued by the State of Tennessee.

2. As of January 25, 2019, the payoff of the Vehicle is $30,688.29 and the Debtor is in arrears on the Contract in the amount of $1,399.17.

3. The N.A.D.A wholesale value of the Vehicle is $19,250.00.

4. Pursuant to 11 U.S.C. Section 362(d)(1) and Section 362(d)(2), sufficient cause exists for the lifting of the automatic stay as to SunTrust Bank, its collateral and the proceeds thereof. Said causes include, and are not limited to, the lack of adequate protection, the lack of equity in the property and the lack of necessity for the property to effectuate a successful reorganization in filing this bankruptcy case.

5. The Debtor is obligated by law to surrender the Vehicle to SunTrust Bank immediately.

6. Pursuant to 11 U.S.C. § 554, the Vehicle should be abandoned by the estate as the Vehicle is burdensome to the estate and is of inconsequential value and benefit to the estate.

WHEREFORE, the above premises considered, SunTrust Bank prays:

1. That it be granted relief from the automatic stay to proceed with any and all remedies available under state and/or federal law that are not inconsistent with Title 11 of the United States Code regarding the above-referenced collateral;

2. That the Vehicle be abandoned by the estate as the Vehicle is burdensome to the estate and is of inconsequential value or benefit;

3. The provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy procedure be waived; and

4. For such other relief to which it may be entitled.

Respectfully submitted,

/s/ Holly N. Knight_____
Holly N. Knight (017940)
Attorney for SunTrust Bank
102 Woodmont Boulevard, Suite 200
Nashville, TN 37205
(615) 345-0328
(615) 383-1235 facsimile
hknight@knightlawpllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served electronically upon:

Steve Lefkovitz
Lefkovitz and Lefkovitz, PLLC
618 Church St, Ste 410
Nashville, TN 37219
Debtor's Attorney

Michael Gigandet
Law Office of Michael Gigandet
208 Centre Ct
Pleasant View, TN 37146
Chapter 7 Trustee

US Trustee
Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203-3966
U.S. Trustee

and by U.S. Mail, postage prepaid upon:

Ryan John Walsh
73 Ardsley St
Staten Island, NY 10306

this the 31st day of January, 2019.

                                          /s/ Holly N. Knight_____
                                          Holly N. Knight